UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

POM GROUP INC,

    Plaintiff,

v.

BREATHEBUDDY, et al.,

    Defendants.

Case No. 2:25-cv-1909

**Judge Hon. William S. Stickman IV**

**PRELIMINARY INJUNCTION ORDER**

Plaintiff POM Group Inc, dba Komuso Design ("Plaintiff" or "Komuso"), filed a Motion for Temporary Restraining Order and hearing for preliminary injunction. Plaintiff has alleged that Defendants, through online commerce platforms and domains listed on Schedule A, (collectively, the "Seller IDs"), have infringed, and continue to infringe, Plaintiff's United States Patent No. 11,433,195 (the "'195 Patent") and United States Design Patent No. D840,529 (the "'529 Design Patent") (collectively, the "Asserted Patents") by making, using, importing, offering for sale, and/or selling unauthorized products that embody or infringe the Asserted Patents (the "Infringing Products") in violation of 35 U.S.C. § 271(a). The Court has considered the Motion, the evidence of record, and the applicable law. Pursuant to 35 U.S.C. § 283 and Federal Rules of Civil Procedure 64 and 65, for good cause shown that Plaintiff has satisfied the requirements for issuance of a Temporary Restraining Order, the Court GRANTS Plaintiff's Motion as to all Defendants who have not been dismissed[1]. *See* Dkt. Nos [42] - [43] and [50]. Doe #1 – AwakeningsStore was granted a continuance and has since been dismissed and is so marked on Schedule A. *See* Dkt. No. [50]. After reviewing the Motion, Plaintiff's

---

[1] Three (3) Defendants have been dismissed have been marked DISMISSED on the attached Schedule A.

Memorandum in Support of Preliminary Injunction and the accompanying record, this Court GRANTS Plaintiff a Preliminary Injunction as follows.

This Court finds Plaintiff has provided notice to Defendants in accordance with the Temporary Restraining Order entered December 11, 2025, Dkt. 29 ("TRO"), and Federal Rule of Civil Procedure 65(a)(1).

This Court also finds, in the absence of adversarial presentation, that it has personal jurisdiction over Defendants because Defendants directly target their business activities toward consumers in the United States, including Pennsylvania. Specifically, Plaintiff has provided a basis to conclude that Defendants have targeted sales to Pennsylvania residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Pennsylvania, and have sold products embodying Plaintiff's federally registered Asserted Patents to residents of Pennsylvania.

In this case, Plaintiff has presented screenshot evidence that each Defendant's Seller ID is reaching out to do business with Pennsylvania residents by operating one or more commercial, interactive internet stores through which Pennsylvania residents can and do purchase products embodying the Asserted Patents. *See* Docket No. 1 at Exs. 2-6, which include screenshot evidence confirming that each Defendant Seller ID does stand ready, willing and able to ship its infringing goods to customers in Pennsylvania embodying infringing versions of the Asserted Patents.

This Court finds that the injunctive relief previously granted in the TRO shall remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of Plaintiff's Motion and in support of Plaintiff's previously granted Motion for Entry of a TRO establishes that Plaintiff has established that (1) Plaintiff is likely to prevail on the merits of its claims that each

Defendant's Infringing Products infringe at least one claim of one of the Asserted Patents; (2) Plaintiff has no adequate remedy at law to compensate for Defendants' infringing activities for which Plaintiff suffered, and will continue to suffer, irreparable harm absent the entry of a preliminary relief; (3) the balance of equities weighs in favor of granting Plaintiff's requested relief; and (4) the requested Preliminary Injunction Order will serve the public interest

Specifically, Plaintiff has established a *prima facie* case of patent infringement because (1) Plaintiff holds valid Design and Utility patents registered with the U.S. Patent and Trademark Office, (2) Defendants are not licensed or authorized to use Plaintiff's Asserted Patents, and (3) Defendants make, use, sell, offer for sale, and/or import into the United States products that infringe the Asserted Patents. Furthermore, Defendants' continued and unauthorized use of the Asserted Patents irreparably harms Plaintiff through diminished goodwill and brand confidence, damage to Plaintiff's reputation, loss of exclusivity, and loss of past, present, and future sales. Monetary damages fail to address such damage and, therefore, Plaintiff has no adequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel harm to the public, and the public confusion created by Defendants' actions.

IT IS HEREBY ORDERED that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be preliminarily enjoined and restrained from:

    a. using the Asserted Patents or any reproductions, infringing copies, or colorable imitations in any manner in connection with the making, selling, offering to sell, or importation of products that are not made or otherwise authorized by Plaintiff;

  b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Plaintiff product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Asserted Patents;

  c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff; and

  d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which embody any of Plaintiff's patented designs, including the Asserted Patents, or any reproductions, infringing copies, or colorable imitations thereof.

2. Defendants are restrained from shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, Defendants' Infringing Products, which infringe upon at least one claim of the Asserted Patents.

3. Defendants are restrained from secreting, concealing, destroying, altering, selling off, transferring, or otherwise disposing of any computer files, data, business records, documents, or other records, or evidence relating to their user accounts or Seller IDs, and any money, securities, or other property or assets of Defendants (collectively, "Defendants' Assets");

4. Defendants are restrained from assigning or transferring, forming new entities or associations, or creating and/or utilizing any other Seller IDs, user account, or any other means of importation/exportation, advertising, marketing, promotion, distribution, and/or display for the purposes of circumventing or otherwise avoiding the restrictions set forth in this Order;

5. Defendants are restrained from offering for sale Defendants' Infringing Products through the use of metatags or other markers within website source code or within any web page or Seller ID (e.g., in the title of any product listing), through use of advertising links to other websites, through use of search engine databases or cache memory, and any other techniques that would render visible to a computer user a listing for the Defendants' Infringing Products;

6. Defendants are restrained from transferring ownership of their online storefronts, user accounts, or Seller IDs;

7. Upon receipt of this Order, Defendants and those with notice of this Order, including any online marketplace platforms, all financial institutions, payment processors, money transmitters, marketplace platforms, or third party service providers including Amazon.com, Inc.; Amazon Capital Services, Inc.; Amazon.com Services LLC; Amazon Payments, Inc.; Payoneer Global Inc.; Stripe, Inc.; Shop Pay; Apple Pay; Google Pay; Western Union Holdings, Inc.; PayPal, Inc., and their related companies and affiliates (collectively, the "Third Party Providers"), shall within seven (7) calendar days after receipt of such notice, identify and restrain all funds in or which are hereafter transmitted into the accounts related to Defendants as identified on Schedule A hereto, as well as all funds in or which are transmitted into (1) any other accounts of the same entities or

account holders; (2) any other accounts which transfer funds into the same financial institution account(s) and/or any of the other accounts subject to this Order; and (3) any other accounts tied to or used by any of the Seller IDs identified on Schedule A hereto;[2]

8. Upon receipt of this Order, Defendants and all Third Party Providers, shall immediately divert to a holding account for the trust of the Court all funds in or which hereafter transmitted into all accounts related to Defendants identified in Schedule A hereto, and associated payment accounts, and any other accounts for the same entities/customers as well as any other accounts which transfer funds into the same financial accounts as any other accounts subject to this Order;

9. The Third Party Providers shall, within seven (7) business days of receiving this Order, provide Plaintiff's counsel with all data that details (1) an accounting of the total funds restrained and identifies the financial accounts to which the restrained funds are related; and (2) the account transactions related to all funds transmitted into financial accounts that have been restrained. Such restraining of the funds and the disclosure of the related financial account information shall be made without notice to the account holders, until after those accounts are retrained. No funds restrained by this Order shall be transferred or surrendered by any Third Party Provider for any purpose (other than pursuant to a chargeback made pursuant to that Third Party Provider's security interest in the funds) without express authorization of this Court;

---

[2] This Order anticipates that discovery may reveal that Defendants have other user accounts operated by other third party service providers and/or financial institutions and that the newly discovered third party service providers and/or financial institutions, once identified and provided with notice, shall also be subject to the discovery, restrains, and injunctions set forth in this Order.

10. Upon Plaintiff's request, any Third Party Provider that is provided with notice of this Order, shall immediately cease fulfillment of and sequester Defendants' Assets corresponding to the Seller IDs identified on Schedule A hereto, which assets are in the possession, custody, or control of the Third Party Provider, and hold such goods in trust for the Court during pendency of this action;

11. Upon Plaintiff's request, Defendants and any Third Party Providers shall, within seven (7) calendar days after receipt of such notice, provide to Plaintiff expedited discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to determine:

   a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

   b. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Seller IDs and Defendants' financial accounts, including Defendants' sales and listing history related to their Seller IDs; and

   c. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, Amazon.com, Inc.; Amazon Capital Services, Inc.; Amazon.com Services LLC; Amazon Payments, Inc.; Payoneer Global Inc.; Stripe; Shop Pay, Apple Pay, Google Pay, Western Union, PayPal, Inc., or other

merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

12. Upon Plaintiff's request, those with notice of this Order, including the Third Party Providers as defined above, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods embodying the Asserted Patents.

13. This Order shall apply to the Seller IDs, associated online storefronts, and any other user accounts, or online storefronts, and Defendants' accounts with Third Party Providers that are being used to offer for sale, sell, and/or import Defendants' Infringing Products;

14. IT IS FURTHER ORDERED that any Third Party Providers shall, within seven (7) calendar days of receipt of this Order:

    a. locate all accounts and funds connected to Defendants' seller aliases, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto, and any e-mail addresses provided for Defendants by third parties; and

    b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further order by this Court.

15. IT IS FURTHER ORDERED that all Third Party Providers, are restrained from causing or assisting in the secreting, concealing, transferring, disposing of, withdrawing, encumbering, or paying Defendants' assets from or to any financial accounts associated with or utilized by any Defendant or any user account or Seller ID associated with an Defendant (whether said account is located in the United States or abroad); and

16. IT IS FURTHER ORDERED that all Third Party Providers are restrained from providing services to any Defendant or online storefront or Seller ID associated with any Defendant, including, but not limited to, continued operation of such Defendants' user accounts or Seller IDs and any other listings linked to the same sellers or any other seller alias or identification name being used and/or controlled by Defendants, until further ordered by this Court.

17. IT IS FURTHER ORDERED that all Third Party Providers including the domain name registries and registrars for the Seller IDs, including, but not limited to, GoDaddy.com, LLC ("GoDaddy"), NameCheap, Inc., Amazon Registrar, Inc., Wild West Domains, LLC,123-Reg Limited, Cloudflare, Inc, and Squarespace, Inc, (collectively, the "Domain Registries and Registrars"), and any Content Delivery Networks ("CDN"), such as Cloudflare and CloudFront, as well as any hosting companies and any other service provider that provide content for the Infringing Websites, within seven (7) calendar days of receipt of this Order or prior to the expiration of this Order, whichever date shall occur first, shall disable the Seller ID URLs and make them inactive and untransferable until further order by this Court or until the Order expires, whichever occurs earlier

18. IT IS FURTHER ORDERED that Plaintiff may provide notice of the proceedings in this case to Defendants, including service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Pleadings, this Order, and other relevant documents on a website and by sending an e-mail with a link to said website to the e-mail addresses provided for Defendants by third parties. The Clerk of Court shall issue a single original summons in the name of "AwakeningsStore and all other Defendants listed in the Operative Complaint", which shall apply to all Defendants. The

combination of providing notice via electronic publication and e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

19. IT IS FURTHER ORDERED that sufficient cause has been shown that the injunctive relief previously granted on December 11, 2025 (Dkt. 29) and extended on December 19, 2025 (Dkt. 38) shall remain in place through the pendency of this litigation and issuing this Preliminary Injunction Order is warranted under Fed. R. Civ. P. 64 and 65 since no Defendant has appeared to oppose the entry of this Preliminary Injunction Order, nor has any Defendant presented opposing papers to the Court.

20. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Western District of Pennsylvania Local Rules. Any third party impacted by this Order may move for appropriate relief.

21. IT IS FURTHER ORDERED that the $5,000 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Preliminary Injunction is terminated.

22. IT IS FURTHER ORDERED that the Order to Seal (Dkt. 14) is lifted and the Clerk of Court is herby directed to unseal all documents previously filed under seal in this case.

SO ORDERED:

_____
The Honorable William S. Stickman IV,
United States District Judge

Dated: 1/5/2026

# Schedule A

| Doe No. | Seller Alias | Seller ID |
|---|---|---|
| 1 | DISMISSED | DISMISSED |
| 2 | BreatheBuddy | BreatheBuddy |
| 3 | creativiahandmade | creativiahandmade |
| 4 | DIYbeads4u | DIYbeads4u |
| 5 | Fruitale | Fruitale |
| 6 | MineJewelleryShop | MineJewelleryShop |
| 7 | MounaMind | MounaMind |
| 8 | Nikkamemories | Nikkamemories |
| 9 | PineCoveCreations | PineCoveCreations |
| 10 | pnoirelaxing | pnoirelaxing |
| 11 | StillMindCollective | StillMindCollective |
| 12 | TheBlissfulChicCo | TheBlissfulChicCo |
| 13 | UniqueHomeDecoStudio | UniqueHomeDecoStudio |
| 14 | LE ER ZI FACAI | 9670988553 |
| 15 | ATen | 634418219009636 |
| 16 | Crazy Surprise | 634418212239676 |
| 17 | Easyin | 634418212227108 |
| 18 | Eod local | 2467934323356 |
| 19 | Midnight Fancy | 634418218013294 |
| 20 | MISS HX | 634418217072287 |
| 21 | MksFurnishing | 634418216947668 |
| 22 | SenmaiT | 634418213140482 |
| 23 | SQDGSWZX | 634418223320428 |
| 24 | TresseVogue | 634418223670960 |
| 25 | Urban Nest Co | 634418217999959 |
| 26 | WAN NIAN XING SHI PIN | 634418219089649 |
| 27 | ZiJing Co | 634418225431677 |
| 28 | ZWJK | 634418212196969 |
| 29 | BOLAGTIER | 7495983635069176143 |
| 30 | Chengyu112 | 7495827553257949504 |
| 31 | Neurva | 7495505289239431329 |
| 32 | Katrer Co. Ltd | 101125929 |
| 33 | shiranshop | 102846385 |
| 34 | SprouthHope | 101672655 |
| 35 | wangxishop | 102869779 |
| 36 | Warmth-Home | 102489645 |
| 37 | WeiLi | 102719072 |
| 38 | Urban Daily Select | 68770be856c42c08978850ea |
| 39 | airquit | airquit.com |

| Doe No. | Seller Alias | Seller ID |
|---|---|---|
| 40 | AirVantage | theairvantage.com |
| 41 | Ataccommodate | ataccommodate.com |
| 42 | Balmahome | balmahome.com |
| 43 | bigamart | bigamart.com |
| 44 | Blaciokamith | blaciokamith.com |
| 45 | DISMISSED | DISMISSED |
| 46 | BodWellbeing | bodwellbeing.com |
| 47 | Breathe O'clock | breatheoclockshop.com |
| 48 | choob | getchoob.com |
| 49 | Concious Items | consciousitems.com |
| 50 | DISMISSED | DISMISSED |
| 51 | Flamin Fitness | us.flaminfitness.com |
| 52 | fruugo | fruugo.us |
| 53 | GesundPur | us.gesundpur.at |
| 54 | Gosupps | gosupps.com |
| 55 | Hausofjb | hausofjb.com |
| 56 | IDEA stage | ideastage.com |
| 57 | DISMISSED | DISMISSED |
| 58 | LUVV | luvv.co |
| 59 | Miravique | miravique.com |
| 60 | NIHAO Jewelry | nihaojewelry.com |
| 61 | Nora Luxe | noraluxe.store |
| 62 | Sotiya | sotiya.com |
| 63 | Wanda Supply | wandasupply.com |